```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| ANTHONY DOZIER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EAST MANUFACTURING CORPORATION, et al. | : | NO. 19-21378 |

MEMORANDUM

Bartle, J.                                              June 8, 2020

Before the court is the motion of plaintiff Anthony Dozier to remand this action to the Superior Court of New Jersey in Camden County.

Plaintiff originally filed his complaint in the state court against defendants Genesis Trailers, Inc. ("Genesis"), East Manufacturing Corporation ("East"), and Wilkie Trucking, Inc. ("Wilkie"). East timely removed the action to this court on the ground of diversity of citizenship and the requisite amount in controversy as provided in 28 U.S.C. § 1332(a).

Plaintiff alleges that he was seriously injured while attempting to exit the rear of a trailer which was designed, manufactured, distributed, or sold by Genesis and/or East. Plaintiff's claims sound in negligence and strict liability. According to the complaint, defendant Wilkie was plaintiff's employer at the time of his injuries, is "impleaded for discovery purposes only," and "will be entitled to dismissal

once it has supplied the necessary discovery." There is no other relief sought Wilkie.[1]

Plaintiff is a citizen of New Jersey while East is a citizen of Ohio. Genesis, a Michigan citizen, has now been voluntarily dismissed from this action. Wilkie, like plaintiff, is a citizen of New Jersey. East maintains that Wilkie should not be considered as a real party in interest and thus should be ignored for purposes of determining subject matter jurisdiction.

There must be complete diversity of citizenship between each plaintiff and each defendant in order for subject matter to exist under § 1332(a). Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). However, in deciding whether there is complete diversity, the court must disregard nominal or formal parties, that is, those that have no real interest in the litigation. Walsh v. Defender, Inc., 894 F.3d 583, 587 (3d Cir. 2018).

Wilkie, by plaintiff's own admission, has no interest at all in this lawsuit. Plaintiff has not claimed that Wilkie caused or is responsible for his injuries. Rather, he has simply named Wilkie, his employer, as a defendant in order to obtain discovery from it more easily than if it were a

---

1. Plaintiff has also sued John Does 1-25. When a case is removed from the state court, the citizenship of John Doe defendants is disregarded. See 28 U.S.C. § 1441(b).

-2-

non-party.  No reason has been advanced why discovery cannot be obtained from Wilkie through a subpoena as provided in Rule 45 of the Federal Rules of Civil Procedure.

The court will disregard the citizenship of Wilkie as it has no real interest in this action.  Its role is no different than that of any non-party witness or entity that may be in possession of documents or other relevant information.  Plaintiff has cited no authority that an individual or entity may be sued in the federal court solely to obtain discovery under the circumstances presented here.

Plaintiff is a citizen of New Jersey and defendant is a citizen of Ohio.  Thus, the court clearly has subject matter jurisdiction.  The plaintiff's motion to remand this action to the state court will be denied, and Wilkie will be dismissed as a defendant.